APPEAL OF PARKER SHEET METAL WORKS, INC.

Docket No. 1998. Submitted September 24, 1925. Decided February 8, 1926.

The taxpayer and Combined Industries, Inc., were not affiliated from March 25, 1918, to December 31, 1919, inclusive.

*Max Rolnik, C. P. A.*, for the taxpayer.
*P. S. Crewe, Esq.*, for the Commissioner.

Before LITTLETON, SMITH, and TRUSSELL.

This appeal is from determinations of deficiencies for the years 1918 and 1919, as follows:

| | |
|---|---|
| 1918 | $7,472.64 |
| 1919 | 8,087.96 |

In the pleadings the Commissioner raised a question as to the jurisdiction of the Board with reference to the deficiency in tax for the year 1918, which was waived at the hearing. The sole question in issue is whether the taxpayer was affiliated with' Combined Industries, Inc., for the years 1918 and 1919.

#### FINDINGS OF FACT.

The taxpayer is a New York corporation, with its principal office in the City of New York. It was incorporated in 1906. During the years 1918 and 1919 it had 250 shares of stock outstanding. From April 6, 1918 (when the first stock of Combined. Industries, Inc., was issued and when it acquired shares of common stock of the taxpayer), to December 31, 1919, the only stockholders of the taxpayer were Combined Industries, Inc., which owned 167½ shares (67 per cent), and three individuals, who owned 82½ shares (33 per cent), two of whom were prominent holders of the common voting stock of Combined Industries, Inc., and one of whom, owning 35 shares (14 per cent of the total), was an owner of approximately 4 per cent of the preferred nonvoting stock of Combined Industries, Inc.

Combined Industries, Inc., was incorporated on March 25, 1918, under the laws of the State of New York, and from April 6, 1918, to December 31, 1919, inclusive, had both common and preferred stock outstanding. Neither the taxpayer nor Combined Industries, Inc., derived as much as 50 per cent of its gross income from Government contracts between April 6, 1917, and November 11, 1918, both dates inclusive. The names of the stockholders of both corporations at different dates were as follows:

*Stockholdings of Parker Sheet Metal Works common stock—par value $100 each.*

| Date. | Combined Industries. | Geo. W. Levett. | Hymen Rosenberg. | Albert Blumlein. | M. K. Sessler. | Total outstanding. |
|---|---|---|---|---|---|---|
| Jan. 1, 1918 | 0 | 88½ | 88½ | 38 | 35 | 250 |
| Apr. 6, 1918 | 167½ | 0 | 26½ | 21 | 35 | 250 |
| May 25, 1918 | 167½ | 0 | 33½ | 14 | 35 | 250 |
| Dec. 31, 1918 | 167½ | 0 | 33½ | 14 | 35 | 250 |
| Dec. 31, 1919 | 167½ | 0 | 33½ | 14 | 35 | 250 |

No changes in stockholdings occurred between any of the dates above mentioned.

*Stockholdings of Combined Industries, Inc., common stock—par value $5 each.*

| Date. | Geo. W. Levett. | Hymen Rosenberg. | Albert Blumlein. | General Platers.[1] | Minority interests. | Total outstanding. |
|---|---|---|---|---|---|---|
| Apr. 6, 1918 | 3,363 | 2,356 | 646 | 0 | 0 | 6,365 |
| Apr. 8, 1918 | 27,363 | 2,356 | 646 | 4,500 | 0 | 34,865 |
| May 25, 1918 | 27,363 | 2,090 | 912 | 4,500 | 0 | 34,865 |
| June 3, 1918 | 27,363 | 2,090 | 912 | 4,500 | 1,500 | 36,365 |
| Dec. 31, 1918 | 27,363 | 2,090 | 912 | 4,500 | 1,500 | 36,365 |
| Feb. 10, 1919 | 27,363 | 2,090 | 912 | 0 | 1,500 | 31,865 |
| Nov. 3, 1919 | 28,863 | 2,090 | 912 | 0 | 0 | 31,865 |
| Dec. 3, 1919 | 28,863 | 2,090 | 912 | 0 | 0 | 31,865 |

[1] This company, The General Platers Supply Co., was held by the Commissioner to be affiliated with Combined Industries, Inc., for 1918 and 1919.

No changes in stockholdings occurred between any of the dates above mentioned.

*Stockholdings of Combined Industries, Inc., preferred stock—par value $5 each.*

| Date. | Geo. W. Levett. | Albert Blumlein. | M. K. Sessler. | Minority interests. | Total outstanding. |
|---|---|---|---|---|---|
| Apr. 9, 1918 | 0 | 0 | 0 | 660 | 660 |
| May 15, 1918 | 2,000 | 0 | 0 | 660 | 2,660 |
| June 3, 1918 | 2,000 | 0 | 400 | 660 | 3,060 |
| June 12, 1918 | 2,000 | 0 | 400 | 860 | 3,260 |
| Aug. 15, 1918 | [1] 5,000 | 0 | 400 | 860 | 6,260 |
| May 12, 1919 | 5,000 | 305 | 400 | 1,065 | 6,770 |
| May 20, 1919 | 5,000 | 305 | 400 | 1,433 | 7,138 |
| June 9, 1919 | 7,000 | 305 | 400 | 1,433 | 9,138 |
| July 7, 1919 | 7,000 | 305 | 400 | 1,479 | 9,184 |
| July 10, 1919 | 7,100 | 305 | 400 | 1,379 | 9,184 |
| July 11, 1919 | 7,650 | 305 | 400 | 829 | 9,184 |
| July 13, 1919 | 7,650 | 380 | 400 | 829 | 9,259 |
| Dec. 31, 1919 | 7,650 | 380 | 400 | 829 | 9,259 |

[1] The 3,000 shares issued to Geo. W. Levett on Aug. 15, 1918, were in liquidation of amounts owed to him by the corporation. Entry for same was not made on the general books until May, 1919.

No changes in stockholdings occurred between any of the dates above mentioned.

At the time Combined Industries, Inc., became interested in the taxpayer, the latter was insolvent and its affairs were being managed by a creditors' committee. It had practically no assets. Combined Industries, Inc., furnished it with all its working capital. The same directors were directors of both companies and the same officers were officers in both companies. Combined Industries, Inc., was interested in two or three other corporations and, in the case of the taxpayer, kept its name because it was known to the trade—

the sheet metal business. It got orders for it and even guaranteed its accounts in many instances. It furnished rent and paid salaries to the telephone operators. It loaned the taxpayer money up to $40,000 at one time. For such services it received a management fee, which was taken in lieu of salaries for officers.

The minority stockholder of the taxpayer was M. K. Sessler, who owned no shares of the voting stock of Combined Industries, Inc. He never interfered with the management of the taxpayer, although cognizant at all times of what was taking place.

#### DECISION.

The determination of the Commissioner is approved.

#### OPINION.

SMITH: From the date of its organization in 1918, to December 31, 1919, inclusive, Combined Industries, Inc., owned 67 per cent of the shares of stock of Parker Sheet Metal Works, Inc. Hymen Rosenberg and Albert Blumlein, stockholders of Combined Industries, Inc., owned an additional 19 per cent of the stock of Parker Sheet Metal Works, Inc. The balance of the stock of the last-named corporation was owned by M. K. Sessler, who owned none of the voting stock of Combined Industries, Inc., and only a little more than 4 per cent of the nonvoting preferred stock of that company.

The question presented by this appeal is whether Combined Industries, Inc., and Parker Sheet Metal Works, Inc., were affiliated from the date of the organization of the former corporation in 1918, to December 31, 1919. The taxpayer claims that the two corporations were affiliated under the provisions of section 240 (b) of the Revenue Act of 1918, by reason of the fact that Combined Industries, Inc., owned 67 per cent of the voting stock of Parker Sheet Metal Works, Inc., and that the balance of the voting stock of the last-named corporation was owned or controlled by closely affiliated interests.

The evidence as to whether the shares of the voting stock of Parker Sheet Metal Works, Inc., not owned by Combined Industries, Inc., were owned or controlled by closely affiliated interests, is not convincing. The only witness to appear for the taxpayer at the hearing was the president of the two corporations. He testified that both corporations were operated as a single unit, as set forth in the findings of fact. He further testified, in part, as follows:

Q. Who determined the amount of the management fee?
A. That was agreed—we practically determined it.
Q. By " we " you mean the Combined Industries?

A. The president and treasurer of the Parker were also officers of the Combined. We would sit down and say "Well, we think so much shall be a fair management fee," and it was agreed upon.

Q. Were there any stockholders of the Parker that were neither officers nor directors of that company, or of the Combined?

A. Yes, there was one.

Q. What was his name?

A. Mr. Sessler.

Q. Did he know what was going on in the way of exercise of management the Combined had over the Parker?

A. Yes.

Q. Did he ever raise objection to the management or the amount of compensation you charged for the management and financing?

A. During that period?

Q. During that period?

A. No.

Q. Was he also a stockholder of the Combined Industries?

A. Very small.

Q. You mean on preferred stock?

A. He had some preferred stock.

Q. Who was the principal stockholder of the Combined Industries?

A. I was.

Q. Did you have enough stock to control the policies of that company?

A. I did.

Q. To elect a Board of Directors if you wished to?

A. Yes.

Q. Could the Combined Industries control the Board of Directors and policies of the Parker Sheet Metal Works on account of stock control?

A. Absolutely.

Q. How much stock control did it have?

A. 67½ per cent at that time. We later acquired more.

Q. After these years in question?

A. Yes, but during those years we had 67½ per cent.

Nowhere in the record is it stated definitely that Rosenberg and Blumlein were officers or directors of Combined Industries, Inc. Sessler, who owned 14 per cent of the stock of the taxpayer, was neither an officer nor a director of that corporation. It will be noted that the president of both corporations testified that there was one stockholder of the taxpayer who was neither an officer nor a director of Combined Industries, Inc. Possibly, it might be inferred that the other two individual stockholders of the taxpayer, namely, Rosenberg and Blumlein, were officers or directors of Combined Industries, Inc., but we can not make a finding of fact by inference. Neither can we infer that Rosenberg and Blumlein, who owned only a small percentage of the stock of Combined Industries, Inc., were closely affiliated interests. We therefore have a situation in which the proof is simply that Combined Industries, Inc., owned 67 per cent of the stock of the taxpayer from the date of the organization of Combined Industries, Inc., in 1918, to the end of the

calendar year 1919. Is the ownership and control of 67 per cent of the stock of another corporation sufficient to make the corporations affiliated where the two corporations are operated as a single business unit?

We have held in the *Appeals of Wadhams & Co.*, 2 B. T. A. 569, and *Ullman Manufacturing Co.*, 2 B. T. A. 1294, that an ownership by the principal corporation of 80 per cent of the stock of the subsidiary was not enough to warrant consolidation, even though in each appeal the evidence showed that both corporations were operated as a single business unit. For more cogent reasons we must hold that the taxpayer and Combined Industries, Inc., were not affiliated from the date of the organization of the latter in 1918 to the end of the calendar year 1919.